# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 30, 2019

```
* * * * * * * * * * * * *  *
GARY NAYLOR,                *    No. 17-135V
                           *    Special Master Sanders
         Petitioner,        *
                           *
v.                          *
                           *
SECRETARY OF HEALTH         *    Attorneys' Fees and Costs
AND HUMAN SERVICES,         *
                           *
         Respondent.        *
* * * * * * * * * * * * *  *
```

Jessica A. Olins, Maglio Christopher and Toale, PA, Washington, DC, for Petitioner.
Claudia B. Gangi, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 30, 2017, Gary Naylor ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). The petition alleged that the influenza ("flu") vaccine Petitioner received on October 15, 2015, caused him to develop a shoulder injury related to vaccine administration ("SIRVA"). On June 3, 2019, the parties filed a stipulation which the undersigned adopted as her decision awarding compensation on June 12, 2019. ECF No. 42.

On June 20, 2019, Petitioner filed an application for attorneys' fees and costs. ECF No. 46 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $32,001.79

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

(representing $27,170.00 in fees and $4,831.79 in costs). Fees App. at 2. Pursuant to General Order No. 9, Petitioner warrants that he has personally incurred $68.95 in costs related to this litigation. *Id.* Respondent responded to the motion on June 25, 2019, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2–3 (ECF No. 47). Petitioner also filed a reply on June 25, 2019, reiterating his belief that the requested amount of fees and costs is reasonable. Reply at 3 (ECF No. 48).

This matter is now ripe for consideration.

## I.      Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to

reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[3]

Petitioner requests the following rates of compensation for his attorneys: for Ms. Jessica Olins, $199.00 per hour for work performed in 2019; for Mr. F. John Caldwell, $356.00 per hour for work performed in 2016, $367.00 per hour for work performed in 2017, $385.00 per hour for work performed in 2018, and $400.00 per hour for work performed in 2019; and for Mr. Altom Maglio, $362.00 per hour for work performed in 2017. Fees App. Ex. 1 at 15. Petitioner also requests various rates for paralegals ranging from $95.00 per hour to $154.00 per hour, depending on the year of work and the individual paralegal. *Id.* These rates are consistent with what these Maglio firm attorneys and staff have previously been awarded. The undersigned therefore finds the requested rates to be reasonable.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521.

Upon review, the undersigned finds the billed hours (103.6) to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review the undersigned does not find any of the billing entries to be unreasonable. Respondent has also not indicated that he finds any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of **$27,170.00**.

### c. Attorneys' Costs

---

[3] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $4,831.79 in attorneys' costs. This amount is comprised of acquiring medical records, travel costs, the Court's filing fee, and expert work performed by Dr. Domenick Sisto in reviewing medical records and submitting an expert report. Fees App. Ex. 2 at 1-2. Upon review, the undersigned has noted several inadequacies with Petitioner's submitted documentation which necessitate a reduction of costs.

First, Petitioner has failed to substantiate a large number of costs associated with travel from Petitioner's prior counsel to meet with Petitioner. These costs include a rental car, meals, hotel, and baggage fees. Fees App. Ex. 2 at 1. Petitioner has indicated that these costs have been split across three total cases. However, Petitioner has failed to provide supporting documentation for any of these requested costs. Accordingly, they cannot be reimbursed, resulting in a reduction of **$457.86**.

Second, Petitioner requests $3,395.00 as reimbursement for work performed by Dr. Sisto. Pursuant to the Guidelines for Practice Under the National Vaccine Injury Compensation Program ("Guidelines"), Petitioner's must provide the Court with an hourly rate for the expert's services and contemporaneous, dated records of the work performed. Guidelines at 69.[4] In this case, Petitioner has failed to provide *any* of this necessary information. Given the relatively modest amount requested and the overall importance of Dr. Sisto's work in helping this case reach a satisfactory conclusion for both parties, the undersigned finds the overall amount reasonable in light of the work performed on the case. However, the undersigned notes that Petitioner's attempt to support this cost was entirely deficient, and counsel is on notice that failure to provide adequate documentation in the future will result in non-reimbursement.

Accordingly, for the reasons noted above, the undersigned finds that Petitioner is entitled to a final award of attorneys' costs of **$4,373.93**.

### d. Petitioner's Costs

Pursuant to General Order No. 9, Petitioner states that he has personally incurred costs of $68.95 for shipping documents. Fees App. Ex. 3. Petitioner has provided adequate documentation to support this cost, and it shall be fully reimbursed.

## II. Conclusion

Based on all the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

---

[4] The Guidelines are available at
http://www.cofc.uscourts.gov/sites/default/files/GUIDELINES%20FOR%20PRACTICE%20-%208.22.2019.pdf.

| | |
|---|---|
| Attorneys' Fees Requested | $27,170.00 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$27,170.00** |
| | |
| Attorneys' Costs Requested | $4,831.79 |
| (Reduction of Costs) | - ($457.86) |
| **Total Attorneys' Costs Awarded** | **$4,373.93** |
| | |
| **Total Attorneys' Fees and Costs** | **$31,543.93** |
| | |
| **Petitioner's Costs** | **$68.95** |
| | |
| **Total Amount Awarded** | **$31,612.88** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. **Accordingly, the undersigned awards a lump sum in the amount of $31,543.93, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and his attorney, Ms. Jessica Olins, and a lump sum in the amount of $68.95, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).